# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| JAMES RAY CREED, ) | |
| ADC # 137886 ) | |
|    Petitioner, ) | **Case No. 5:11-CV-00265 SWW-JTK** |
| ) | |
| v. ) | |
| ) | |
| RAY HOBBS, Director, ) | |
| Arkansas Department of Correction ) | |
|    Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Petitioner James Ray Creed on October 12, 2011 (Doc. No. 2). A response was filed by Respondent Ray Hobbs on April 25, 2012 (Doc. No. 11). Petitioner did not file a reply. After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

On December 21, 2006, a jury found Petitioner guilty of rape in the Hot Spring County (Arkansas) Circuit Court, and he was sentenced to life in prison. Petitioner directly appealed his conviction to the Arkansas Supreme Court, arguing that the trial court erred by 1) denying his motion for a continuance and motion for appointment of additional experts and 2) allowing evidence of prior bad acts. His appeal was denied on January 31, 2008. *Creed v. State*, 372 Ark. 221, 273 S.W.3d 494 (2008). Petitioner's subsequent petition for a writ of certiorari

was denied by the United States Supreme Court on October 6, 2008. *Creed v. Arkansas*, 555 U.S. 823 (2008). Petitioner did not seek any postconviction relief, and the time for doing so has passed.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that 1) he was denied the effective assistance of counsel, 2) the trial court erred by failing to conduct a competency hearing, and 3) he was not competent to stand trial. The merits of these arguments will not be addressed because they are time barred and procedurally defaulted.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Review of a state criminal conviction by the Supreme Court of the United States is considered direct review of the conviction." *Smith v. Bowersox*, 159 F.3d 345, 347 (8th Cir. 1998). "If the petitioner pursues direct review to the Supreme Court, judgment becomes final at the 'conclusion of direct review'—that is, when the Supreme Court 'affirms [the] conviction on the merits or denies [the] petition for certiorari.'" *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (quoting *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653 (2012)).

The Supreme Court denied Petitioner's petition for a writ of certiorari on October 6, 2008. Thus, he was required to file his federal habeas petition by October 6, 2009. His petition was not filed until October 12, 2011, and there is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See*

*Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.").

Although Petitioner does not make any arguments regarding the statute of limitations, his allegations of mental incompetency would not justify equitable tolling even if he had. "[A] plaintiff seeking tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him from understanding and managing his affairs generally and from complying with the deadline he seeks to toll." *Jessie v. Potter*, 516 F.3d 709, 715 (8th Cir. 2008) (discussing tolling in an employment action). However, Petitioner has failed to introduce any evidence that would demonstrate such a condition.[1] Further, Petitioner was found competent during his underlying state proceedings and he "had the ability and mental capacity to prepare" and file this *pro se* petition for writ of habeas corpus. *Two Bulls v. Reisch*, No. 11-5032, 2012 WL 1027910, at *4 (D.S.D. March 26, 2012); *see also Schankman v. United States*, No. 08-660, 2009 WL 3763325, at *3-6 (E.D. Mo. Nov. 9, 2009).

Petitioner also argues that he is innocent, but actual innocence cannot toll the limitations period absent a showing that some action or inaction on the part of the respondent "prevented [the petitioner] from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002) (explaining that AEDPA "fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this

---

[1] The only evidence regarding Petitioner's mental competence is the report and trial testimony of Dr. Ron Faupel. Resp. Exs. E-F, Doc. No. 11. Dr. Faupel did find that Petitioner had a mild mental impairment, but he also found that Petitioner was oriented to time and place, able to coherently answer questions, and had an intact memory. *Id.*

4

doctrine."). Petitioner brought the current action over two years after the limitations period had expired, and he has failed to provide any valid reasons for why the Court would be able to consider his claims. Accordingly, the Court finds that the petition is time barred.

Petitioner's claims are also procedurally barred. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner's first ground for relief is that he received ineffective assistance of counsel due to his attorney's failure to 1) investigate and utilize evidence of Petitioner's mental retardation, 2) request a competency hearing, 3) obtain an independent investigation of forensic evidence, and 4) present a viable defense. It does not appear that Petitioner ever filed a motion for a new trial or raised this argument during his direct appeal. *Rackley v. State*, 267 S.W.3d 578, 581, 371 Ark. 438, 441 (2007) ("[A]n ineffective-assistance argument can be raised on direct appeal,

5

but it may only be done if 1) the issue was first raised during trial or in a motion for new trial, and 2) the facts and circumstances were fully developed either during trial or during other hearings . . . ."). In such circumstances, the "proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief" under Rule 37. *Carrier v. State*, 647 S.W.2d 449, 450, 278 Ark. 542, 543 (1983). As noted above, Petitioner never filed a Rule 37 petition. Thus, Petitioner failed to properly exhaust his remedies, and his ineffective assistance of counsel claims are procedurally defaulted. Petitioner's remaining grounds for relief are also procedurally barred because these arguments were never raised during his appeal.

Because Petitioner's claims were defaulted in state court, federal habeas review of these claims is barred unless he can show cause for the defaults and actual prejudice as a result of the alleged constitutional violations, or demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011). Although Petitioner alludes to cause and prejudice, he never actually "demonstrate[s] cause for the default[s] and actual prejudice as a result of the alleged violation[s] of federal law." *Coleman*, 501 U.S. at 750.

Petitioner also repeatedly argues that his procedural defaults should be excused because he is actually innocent. "To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy*, 652 F.3d at 850 (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). However, there is no such evidence; the only "evidence" mentioned by Petitioner is his argument that the trial court abused its discretion by failing to grant a continuance so he could appoint an additional psychologist. This speculative argument is not evidence, and it is unclear how this has anything to do with whether Petitioner is factually innocent. Accordingly, Petitioner's procedural defaults bar federal consideration of his claims.

**Conclusion**

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 31st day of May, 2012.

_____
United States Magistrate Judge